UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>           Plaintiff,<br><br>      v.<br><br>GAMEZ, et al.,<br><br>           Defendants. | 1:15-cv-00937-AWI-EPG (PC)<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND OBEY LOCAL RULES |

   Thomas Goff ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 22, 2015.  (ECF No. 1).  On September 29, 2016, Magistrate Judge Erica P. Grosjean screened the complaint.  (ECF No. 11).  The Magistrate Judge found that the complaint stated an Eighth Amendment claim against defendants Gamez and Doe, and a Fourth Amendment claim against defendants Everhart and Doe.  (Id.).  The Magistrate Judge gave Plaintiff the option of proceeding against these defendants, filing an amended complaint, or notifying the Court that he stands on his complaint, subject to the issuance of findings and recommendations consistent with the screening order.  (Id.).

   However, it appears that Plaintiff never received a copy of the screening order because the screening order was returned as undeliverable.  By operation of Local Rule 183, Plaintiff was given until December 27, 2016, to file a change of address.  Plaintiff failed to do so.

   Local Rule 183(b) states: "A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in

1

<u>propria</u> <u>persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Additionally, Plaintiff was sent a first informational order, which stated that "[i]f mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re−served a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within sixty−three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (ECF No. 4, p. 5).

Plaintiff was warned that a failure to notify the Court of a change of address would result in dismissal of the case. Despite this warning, Plaintiff has failed to update his address as required by Local Rule 183(b) and the first informational order. Without a current address, there is no way for this case to proceed. Therefore, pursuant to Local Rule 183, and after considering the relevant factors, the Court finds it appropriate to dismiss this case for failure to prosecute and failure to obey the Local Rules. <u>See</u> <u>Carey v. King</u>, 856 F.2d 1439, 1440-42 (9th Cir. 1988); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423-25 (9th Cir. 1986).

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED without prejudice for failure to prosecute and failure to obey the Local Rules; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   January 11, 2017                                    _____
                                                             SENIOR DISTRICT JUDGE