UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GAMEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00937-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>(ECF NOS. 15, 17, 18, & 25)<br><br>ORDER DIRECTING CLERK TO REOPEN CASE<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF THE SCREENING ORDER (ECF NO. 11) |

Thomas Goff ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 22, 2015. (ECF No. 1). On September 29, 2016, Magistrate Judge Erica P. Grosjean screened the complaint. (ECF No. 11). The Judge Grosjean found that the complaint stated an Eighth Amendment claim against defendants Gamez and Doe, and a Fourth Amendment claim against defendants Everhart and Doe. (Id.). Judge Grosjean gave Plaintiff the option of proceeding against these defendants, filing an amended complaint, or notifying the Court that he stands on his complaint, subject to the issuance of findings and recommendations consistent with the screening order. (Id.).

Plaintiff never responded to the screening order (it was returned as undeliverable), and Plaintiff's case was dismissed without prejudice for failure to prosecute and obey Local Rules (ECF No. 12).

Plaintiff has filed several motions (ECF Nos. 15, 17, 18, & 25), which the Court construes as motions for reconsideration.[1] These motions are now before the Court. Plaintiff alleges that he discovered that his case was dismissed while doing legal research in the Wasco State Prison law library in the beginning of August 2017. Plaintiff asks that his case be reopened because he was under a doctor's care for physical and emotional trauma. Additionally, he was homeless and so had no forwarding address to provide.

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's motions will be granted under Rule 60(b)(1) and (6). Plaintiff's motions were made within a year of the entry of the order and judgment, and promptly after Plaintiff realized his case was dismissed. Moreover, the Court's screening order was returned as undeliverable, so Plaintiff never received a copy of it. He did not provide an updated address because he was homeless (he was also under a doctor's care for emotional and physical trauma).

---

[1] Plaintiff also asks to receive "all related information on [his] case." (ECF No. 15). The Court will provide Plaintiff with a copy of the screening order, and give him another 30 day period to decide whether to proceed on the claims found cognizable by Judge Grosjean, file an amended complaint, or stand on his complaint.

Additionally, granting the motions serves the interest of judicial economy. Plaintiff's case was dismissed without prejudice, so he could simply re-file it. If he did refile his complaint, his complaint would need to be screened under 28 U.S.C. § 1915A(a). In this case Plaintiff's complaint has already been screened.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration are GRANTED;
2. The Clerk of Court is directed to reopen this case;
3. The Clerk of Court is directed to send Plaintiff a copy of the order that was entered on September 29, 2016 (ECF No. 11); and
4. Within THIRTY (30) days from the date of service of this order, Plaintiff shall either:
    a. Notify the Court in writing that he does not wish to file a First Amended complaint and is instead willing to proceed only on the excessive force claim under the Eighth Amendment against Defendant Gamez and Doe defendant, the failure to protect claim under the Eighth Amendment against Doe defendants, and the unreasonable visual body cavity search claim against Defendant Everhart and Doe defendants under the Fourth Amendment;
    b. File a First Amended Complaint attempting to cure the deficiencies identified in the screening order; or
    c. Notify the Court in writing that he wishes to stand on the Complaint as written.

If Plaintiff fails to comply with this Order, this action will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated:  December 4, 2017                    _____
                                             SENIOR DISTRICT JUDGE