UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>        Plaintiff,<br><br>    v.<br><br>GAMEZ, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00937-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF NO. 46)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO SERVE A COPY OF THESE FINDINGS AND RECOMMENDATIONS ON PLAINTIFF AT: 1) 365 N. OAK PARK BLVD., GROVER BEACH, CA 93433; AND 2) 1359 21ST COURT, OCEANO, CA 93455 |

       Thomas Goff ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

       For the reasons described below, the Court will recommend that this case be dismissed because of Plaintiff's failure to comply with a Court order and failure to prosecute.

       On September 7, 2018, the Court issued an order setting an initial scheduling conference for December 17, 2018, requiring the parties to exchange initial disclosures, and requiring the parties to file scheduling conference statements. (ECF No. 46).

       The Court attempted to hold the initial scheduling conference on December 17, 2018,

1

but Plaintiff failed to appear.

Plaintiff also served his initial disclosures almost two months late (ECF No. 52, p 5), failed to file his scheduling conference statement, and appears to have failed to update his address as required by Local Rule 183(b) (the address on his most recent filing (ECF No. 52) does not match his address on file with the Court).

Moreover, this is not the first time Plaintiff failed to prosecute this case and failed to comply with Local Rule 183(b). District Judge Anthony W. Ishii previously dismissed this case on January 11, 2017, for failure to prosecute and failure to obey the Local Rules. (ECF No. 12).[1]

Accordingly, the Court will recommend that this case be dismissed because of Plaintiff's failure to comply with a Court order and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.… It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Here, Plaintiff's non-compliance with a Court order and failure to prosecute is consuming the Court's limited time.

---

[1] The case was reopened on December 4, 2017, in part because reopening the case "serve[d] the interest of judicial economy. Plaintiff's case was dismissed without prejudice, so he could simply re-file it. If he did refile his complaint, his complaint would need to be screened under 28 U.S.C. § 1915A(a). In this case Plaintiff's complaint has already been screened." (ECF No. 26, p. 3).

As described above, this case was already dismissed once for failure to prosecute. District Judge Ishii decided to give Plaintiff another chance, but Plaintiff has once again failed to prosecute this case, and has failed to comply with a Court order. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and, as described above, it is Plaintiff's failure to comply with a Court order and to prosecute this case that is repeatedly causing delays. This case is over three years old and has not even had a schedule set. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed because of Plaintiff's failure to prosecute this case and to comply with a Court order; and
2. The Clerk of Court be directed to close this case.[2]

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file

---

[2] As the Court is recommending that this case be dismissed, the Court also recommends that Defendant's motion to compel (ECF No. 50) be denied as moot.

written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, the Clerk of Court is directed to serve a copy of these findings and recommendations on Plaintiff at: 1) 365 N. Oak Park Blvd., Grover Beach, CA 93433; and 2) 1359 21st Court, Oceano, CA 93455.

IT IS SO ORDERED.

Dated: **December 17, 2018**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE