UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOFF,<br><br>    **Plaintiff**<br><br>    v.<br><br>GAMEZ, et al.,<br><br>    **Defendants** | CASE NO. 1:15-CV-0937 AWI EPG<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 54) |

    Plaintiff Thomas Goff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

    On December 18, 2018, Magistrate Judge Grosjean issued a Findings and Recommendation ("F&R") that recommended dismissing this case due to Plaintiff's failure to comply with a Court order and failure to prosecute. See Doc. No. 54. The F&R noted that this case was dismissed in 2017 because Plaintiff failed to obey the Local Rules and diligently prosecute the case. See id.; see also Doc. No. 12. The F&R also noted that Plaintiff served his initial disclosures almost two months late, failed to file a scheduling conference statement, failed to appear at the December 2018 scheduling conference, and again had not updated his address. See id.

    On January 9, 2019, Plaintiff filed objections to the F&R. See Doc. No. 59. Plaintiff explains that he was en route to the December 2018 scheduling conference when he was stopped by the California Highway Patrol and arrested for violation of a "probation sanction." See id.

1  Plaintiff also states that his living situation is unstable, he takes medication for pain and
2  psychological reasons, has confusion, and has documents in his possession related to prosecuting
3  this case.  See id.  Plaintiff also states that he plans to purchase a P.O. Box in order to have a
4  stable mailing address.  See id.  Plaintiff states that he is taking corrective actions to stabilize his
5  situation and be compliant with procedures of court, and requests that the Court not dismiss this
6  case.  See id.

7  On January 24, 2019, Defendants filed a reply to Plaintiff's objections.  See Doc. No. 63.
8  Defendants urge the Court to adopt the F&R, point out that Plaintiff could have simply called in to
9  the scheduling conference and avoided any problems with the conditions of his probation, and
10 note that Plaintiff has a history of non-prosecution.  See id.

11 On January 28, 2019, Plaintiff filed a notice of change of address.  See Doc. No. 65.

12 On February 4, 2019, Plaintiff filed a scheduling conference statement.  See Doc. No. 66.

13 On March 18, 2019, Plaintiff filed a motion for appointment of counsel and a request for
14 this case to "move forward."  See Doc. Nos. 67, 68.

15 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
16 *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's
17 objections, the Court will respectfully decline to adopt the F&R.  Plaintiff's filings and conduct
18 subsequent to the F&R demonstrate a desire, willingness, and apparent ability to prosecute this
19 matter.  Given Plaintiff's pro se status and his alleged medical and living circumstances, the Court
20 will give Plaintiff one more chance to properly prosecute this case.

21 Although the Court will not dismiss the case at this time, the Court warns Plaintiff that the
22 F&R's analysis was reasonable.  It is only Plaintiff's subsequent conduct that has caused the Court
23 to forego dismissal.  The Court warns Plaintiff that he is under an obligation to prosecute this case,
24 obey court orders (issued both by the undersigned and the Magistrate Judge) and follow the Local
25 Rules, particularly the Local Rule regarding changes of address.  Further, Defendants' point about
26 Plaintiff calling into the scheduling conference is valid.  Because the order setting the scheduling
27 conference expressly stated that the scheduling conference was to be telephonic, and gave
28 instructions on how to telephonically appear, see Doc. No. 46, it is unknown why Plaintiff could

not have simply participated telephonically in the scheduling conference and thus, remained in compliance with the terms of his parole/probation. Plaintiff should take measures to comply with both his parole/probation obligations and his obligation to prosecute this case. The Court will not accept any further violations of parole/probation as a valid excuse for any violations of court orders or the Local Rules.

In light of what has already occurred in this case, any further disobedience of court orders or the Local Rules, or any further failures in the prosecution of this matter, may be grounds for sanctions, including the possible dismissal and closure of this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court respectfully DECLINES to adopt the Findings and Recommendation (Doc. No. 54); and
2. This case is referred back to the Magistrate Judge for further proceedings, including resolution of a motion to compel by Defendants and conducing a scheduling conference.

IT IS SO ORDERED.

Dated:   April 12, 2019                              _____
                                                     SENIOR DISTRICT JUDGE