# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>    Plaintiff,<br><br>v.<br><br>GAMEZ, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00937-AWI-EPG (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

      Thomas Goff ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons described below, the Court will dismiss this case for failure to prosecute.

## I. BACKGROUND

      This case was dismissed on January 11, 2017, for failure to prosecute and failure to obey the Local Rules. (ECF No. 12). The case was reopened on December 4, 2017, in part because reopening the case "serve[d] the interest of judicial economy. Plaintiff's case was dismissed without prejudice, so he could simply re-file it. If he did refile his complaint, his complaint would need to be screened under 28 U.S.C. § 1915A(a). In this case Plaintiff's complaint has already been screened." (ECF No. 26, p. 3).

      On September 7, 2018, the Court issued an order setting an initial scheduling conference for December 17, 2018, requiring the parties to exchange initial disclosures, and requiring the parties to file scheduling conference statements. (ECF No. 46).

      The Court attempted to hold the initial scheduling conference on December 17, 2018, but Plaintiff failed to appear. Plaintiff also served his initial disclosures almost two months late (ECF No. 52, p. 5), and failed to file his scheduling conference statement.

      On December 18, 2018, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 54). The undersigned declined to adopt the

findings and recommendations, but warned Plaintiff that "any further disobedience of court orders or the Local Rules, or any further failures in the prosecution of this matter, may be grounds for sanctions, including the possible dismissal and closure of this case." (ECF No. 70, p. 3).

On October 21, 2019, Plaintiff failed to appear at a telephonic pre-settlement conference hearing. (ECF No. 85). On October 23, 2019, the Court issued an order for Plaintiff to show cause, by filing a written response, why this case should not be dismissed for failure to prosecute. (ECF No. 86). Plaintiff's written response was due no later than November 6, 2019, at 5:00 p.m. (Id. at 2). Plaintiff did not file a written response to the order.[1]

## II.  ANALYSIS

The Court will dismiss Plaintiff's case for failure to prosecute because of Plaintiff's repeated failure to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. As described above, Plaintiff

---

[1] The Court notes that Plaintiff did email medical records to the settlement conference judge. However, no filing was made, and no explanation was provided as to why Plaintiff failed to appear at the telephonic pre-settlement conference hearing.

2

has repeatedly failed to prosecute this case. This repeated failure is consuming the Court's limited time. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and, as described above, it is Plaintiff's repeated failure to prosecute this case that is causing unnecessary delay. This case is over four years old and no schedule has been set. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that Plaintiff's case should be dismissed for failure to prosecute. Plaintiff's conduct demonstrates that he is incapable of prosecuting this matter.

**III. ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed because of Plaintiff's repeated failure to prosecute this case; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 8, 2019

_____
SENIOR DISTRICT JUDGE

3