UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>   Plaintiff,<br><br> v.<br><br>GAMEZ, et al.,<br><br>   Defendants. | Case No. 1:15-cv-00937-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING PARTIAL COURT TRANSCRIPTS AT GOVERNMENT EXPENSE<br><br>(ECF NO. 100) |

  Thomas Goff ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was dismissed for failure to prosecute on November 8, 2019. (ECF Nos. 89 & 90).

  On January 9, 2020, Plaintiff filed a motion requesting partial court transcripts at government expense. (ECF No. 100). For the reasons described below, Plaintiff's motion will be denied.

### I.  LEGAL STANDARD FOR PREPARATION OF A TRANSCRIPT AT THE GOVERNMENT'S EXPENSE

  28 U.S.C. § 1915(c) states that, "[u]pon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the

1

appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts."

Section 1915(a) states:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." See also Maloney v. E. I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is reasonably debatable." Tuggles v. City of Antioch, C08–01914JCS, 2010 WL 3955784 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted); see also Randle v. Franklin, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012).

## II. DISCUSSION

It is not entirely clear what Plaintiff is requesting. Plaintiff states that he is requesting "partial transcripts," but then appears to state that he wants "[a]ll transcripts, motions, exhibits, and telephonic/in person conferences, oral and written, settlement offers by defense; prior application for appeal: 9th Cir. COA # 17-16932 (ECF #'s 14 to 34), then only ECF #'s 75 to 87, as the Court had provided partial transcripts upon request on 12-11-19 (ECF # 91)." (ECF No. 100, p. 1). Later in the motion, Plaintiff only appears to request: "1) 9th Cir. COA Appeal # 17-16932[, and] 2) Eastern District ECF #s: 14 to 34, 66 to 68, 75 to 87…." (ECF No. 100, p. 3).[1]

Plaintiff's motion will be denied. First, it is not clear if Plaintiff is even requesting transcripts. Plaintiff states that he is requesting transcripts, but later in the motion only requests docketed documents. Second, even if Plaintiff is requesting transcripts, Plaintiff failed to identify any particular transcript that he believes is relevant to his appeal, and after reviewing the docket, it is not clear to the Court that there are any relevant transcripts.

As to Plaintiff's request for docketed documents, those requests will be denied. Plaintiff has already received copies of the documents he is requesting, and Plaintiff has not explained why he needs additional copies or why he is unable to get those copies himself. Moreover, Plaintiff failed to explain how the documents he is requesting are relevant to his appeal.

\\\
\\\
\\\
\\\
\\\
\\\

---

[1] In his motion, Plaintiff also asserts that "entry # 87" was "made confidential" contrary to a court order. (ECF No. 100, p. 2). Plaintiff is incorrect. The Court ordered both parties to submit confidential settlement conference statements (ECF No. 84, p. 2), and the docket entry at ECF No. 87 is Defendant's notice of compliance with that order.

**III. ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion requesting partial court transcripts at government expense is DENIED.

IT IS SO ORDERED.

Dated: **January 10, 2020**            /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE