UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>          Plaintiff,<br><br>    v.<br><br>GAMEZ, et al.,<br><br>          Defendants. | Case No. 1:15-cv-00937-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO REOPEN<br><br>(ECF No. 111)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Thomas Goff brought this suit under 42 U.S.C. § 1983 as a state prisoner proceeding *pro se* and in forma pauperis[1] in 2015. The Court initially dismissed the case for failure to prosecute in January of 2017, then reopened it in December of 2017 on Plaintiff's motion, then dismissed it again for failure to prosecute in November of 2019. (ECF No. 89). Plaintiff appealed to the Ninth Circuit, Case No. 19-17494, which in 2021 held that the Court did not abuse its discretion in dismissing the case. (ECF 109). Now, more than four years after the judgment, Plaintiff asks the Court to reopen the case again. (ECF No. 111). The Court recommends denying Plaintiff's motion.

---

[1] At least one court has found that Plaintiff is barred from proceeding IFP under the three-strikes provision of 28 U.S.C. § 1915(g). *See* Order Revoking IFP status, ECF No. 46, *Goff v. Walters, et al.*, No. 1:18-cv-00904-DAD-HBK (E.D. Cal. Oct. 16, 2020).

1

## I. BACKGROUND

This action began on June 22, 2015, with Plaintiff alleging that excessive force was used when Correctional Sergeant Gamez forced him out of a chair and onto the ground, and that unidentified staff members failed to protect him from that use of force. (ECF No. 1). The Court entered an informational order explaining that parties must comply with all orders and rules, and that a failure to comply would be grounds for sanctions, which could include dismissal. (ECF No. 4). The Court warned Plaintiff of the Local Rule 182(f)'s requirement that parties must keep the Court informed of their current address and warned that, should he fail to update his address within sixty-three days of mail being returned as undeliverable, the case would be dismissed for failure to prosecute. (*Id.*)

In September 2016, the Court screened the complaint under 28 U.S.C. § 1915A(a). (ECF No. 11.) The Court found the complaint stated cognizable Eighth and Fourth Amendment claims, and required Plaintiff to notify the Court whether he wanted to proceed on those claims or amend his complaint. (*Id.*) The order was returned as undeliverable and Plaintiff failed to provide a current address within the time allotted. (ECF No. 12). Nearly three months later, and consistent with the first informational order, on January 11, 2017, the Court dismissed the case without prejudice due to Goff's failure to prosecute and failure to obey local rules. (*Id.*)

Seven months after the initial dismissal, in August of 2017, Plaintiff wrote to the Court, provided notice of his current address, and moved to re-open the case. (ECF Nos. 14–18). Plaintiff alleged that he was under a doctor's care for physical and emotional trauma, and was homeless and so had no forwarding address to provide. (ECF No. 26 at 2). On December 4, 2017, the Court granted Plaintiff's motions under Rule 60(b)(1) and (6) because they were made within a year of the entry of the order and judgment, and promptly after Plaintiff realized his case was dismissed. (*Id.*)

After the case was reopened, Plaintiff served his initial disclosures two months late and only after Defendants filed motion to compel, failed to update his address, failed to file his scheduling conference statement, and failed to appear at the initial scheduling conference, prompting the Court to issue Findings & Recommendations in December of 2018, again

recommending dismissal for failure to prosecute. (ECF No. 54). Plaintiff objected. The District Judge declined to adopt the Findings and Recommendations to dismiss the case, but stated in its order:

> Given Plaintiff's pro se status and his alleged medical and living circumstances, the Court will give Plaintiff one more chance to properly prosecute this case. Although the Court will not dismiss the case at this time, the Court warns Plaintiff that the F&R's analysis was reasonable. It is only Plaintiff's subsequent conduct that has caused the Court to forego dismissal. The Court warns Plaintiff that he is under an obligation to prosecute this case, obey court orders (issued both by the undersigned and the Magistrate Judge) and follow the Local Rules, particularly the Local Rule regarding changes of address.

(ECF No. 70, at p. 2).

Pursuant to Court's ruling ordering the case to proceed, the Court set a scheduling conference and then a settlement conference. (ECF Nos. 73). In August of 2019, the Plaintiff asked for and was granted a 60-day continuance of the settlement conference and related deadlines. (ECF No. 83). Then once again, Plaintiff failed to follow Court's orders and appear when required. (ECF 85). On October 23, 2019, the Court issued Order to Show Cause (ECF No. 86), ordering Plaintiff to show why this case should not be dismissed for failure to prosecute. Plaintiff did not respond, and on November 8, 2019, the Court dismissed the case for failure to prosecute for the second time. (ECF No. 89); *see also Goff v. Gamez*, No. 1:15-cv-00937-AWI-EPG (PC), 2019 WL 5862207, at *1 (E.D. Cal. Nov. 8, 2019), *aff'd*, 845 F. App'x 668 (9th Cir. 2021).

In dismissing the action, the Court emphasized that it was "Plaintiff's repeated failure to prosecute this case that is causing unnecessary delay." (ECF No. 89 at 3). The Court pointed out that the case was over four years old by then, and yet no schedule for discovery or dispositive motions has been set. (*Id.*) The Court concluded that "Plaintiff's conduct demonstrates that he is incapable of prosecuting this matter." (*Id.*)

On December 9, 2019, Plaintiff filed a motion with the Court, which included a request for "a printout of the last two months of developments," and "any necessary appeal packets if

3

my case(s) have been closed." (ECF No. 91). Plaintiff stated that he had been in and out of the hospital for a variety of life-threatening infections, as well as a double concussion. (ECF No. 92). The Court construed his letter as a notice of appeal and provided him with copies of the relevant documents. (*Id.*) The Plaintiff then wrote to the Court again, asking "that this court allow him to continue this case" because multiple medical problems, which Plaintiff detailed in his motion, presented "extenuating circumstances beyond his control that [were] the primary reasons for his inability to adequately prosecute this case." (ECF No. 95 at 3). The Court denied his motion. (ECF No. 97).

Plaintiff then litigated, pro se, the appeal of this Court's decision 1) to dismiss his case for failure to prosecute and 2) to deny his post-judgment motion for relief. *Goff v. Gamez, et al.*, No. 19-17494 (9th Cir. Apr. 2021). Plaintiff argued that the sanction to close the case was excessive and that the district court should have considered his health and economic status as "extenuating circumstances beyond Appellant's control" and granted his motion to reopen. Dkt. No. 26 at 2,3 *Goff*, No. 19-17494. The Ninth Circuit affirmed, holding that "[t]he district court did not abuse its discretion by dismissing Goff's action for failure to prosecute after Goff failed to appear for a pretrial scheduling hearing and failed to respond to an order to show cause, despite being warned that failure to comply with the court's orders would result in dismissal." *Goff v. Gamez*, 845 F. App'x 668, 669 (9th Cir. 2021). The Ninth Circuit held it lacked jurisdiction to consider "denial of Goff's post-judgment motion for relief because Goff failed to amend his notice of appeal or file a new notice of appeal after the motion was denied." *Id.*

Now, more than four years after the entry of final judgment, Plaintiff asks the Court to re-open the case one more time "so he may be able to pick-up his case from where it left off before it was prematurely dismissed due to Plaintiff being unable to prosecute his case." (ECF No. 111 at 6). Plaintiff claims that his case was closed "during the COVID-19 outbreak," and that he was severely impacted by the pandemic. (*Id.* at 1).

## II. LEGAL STANDARDS

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Further, Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In seeking relief under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Rule 60(b)(6), in particular, is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

In broader terms, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*

*& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original). Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

### III. ANALYSIS

While Plaintiff states that he makes his motion to reopen based on "12B 'unusual circumstances,'" (ECF No. 111 at 1), Federal Rule of Civil Procedure Rule 12(b) governs defenses to a claim for relief, not motions to reopen, and does not discuss "unusual circumstances." In addition, Plaintiff claims that his case was closed "during the COVID-19 outbreak," and that he was severely impacted by the pandemic. (*Id.* at 1). These arguments do not fit the subsections (2), (3), (4), (5) of Rule 60(b), since Plaintiff is not arguing that he discovered new evidence, that there was fraud by opposing party, or that the judgement is void or has been satisfied. That leaves Rule 60(b)(1) & (6).

#### A. Rule 60(b)(1)

As a motion brought under Rule 60(b)(1), Plaintiff's filing is untimely, since it is brought more than a year after the final judgment was entered. Fed. R. Civ. P. 60(c)(1); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (holding that the district court lacked jurisdiction to consider a motion under Rule 60(b)(2) motion filed more than a year after the entry of judgment).

Moreover, as noted above, Rule 60(b)(1) authorizes courts to relieve parties from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). "Mistakes" encompass legal and factual errors by parties and judges. *Kemp v. United States*, 596 U.S. 528, 534 (2022). Plaintiff does not argue he made a mistake or that the Court made a substantiative error of law or the facts in its order. In fact, the Ninth Circuit affirmed the Court's decision dismissing this case for failure to prosecute. *Goff*, 845 F. App'x at 669. Similarly, Plaintiff does not identify any misunderstanding of the facts in this action. Finally,

there is no suggestion that a "surprise" occurred. Rather, Plaintiff argues that his inattentiveness to this action and failure to comply with the deadlines ordered by the Court should be excused. Accordingly, the Court applies the standards applicable to "excusable neglect."

Whether a party's neglect is "excusable" under Rule 60(b)(1) is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include: "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* These factors, as discussed below, weigh against granting the relief requested.

Defendants would suffer prejudice if the relief requested were to be granted, as they would be forced to resume litigation of the action, which has now been closed more than four years. The Court has previously held that unnecessary delay caused by Plaintiff in this case is prejudicing Defendants because it "inherently increases the risk that witnesses' memories will fade and evidence will become stale." (ECF No. 89 at 3). That order was issued four years ago; prejudice to Defendants would be far greater now. Therefore, the first *Pioneer* factor weighs against granting relief.

The delay of four years in bringing this motion is unreasonable. Plaintiff knew shortly after the order dismissing his case was issued that his case was closed and was able to timely file a notice of appeal and a subsequent post-judgment motion. (ECF Nos. 93, 95). Plaintiff could have—and did—file a motion to reopen his case much sooner than four years after judgment. The Ninth Circuit has repeatedly held that an unjustified two-year delay between judgment and motion for relief from judgment was unreasonable. *See, e.g.*, *Burton v. Spokane Police Dep't*, 473 F. App'x 731 (9th Cir. 2012) (lapse of almost two years between judgment and filing of 60(b)(6) motion was unreasonable); *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (two years was too long for debtor to wait before filing motion for relief from default judgment entered against him in bankruptcy proceedings). Here, the delay is twice as long. Therefore, the second *Pioneer* factor weighs against granting relief.

As to the third factor, the reason for delay, the Court finds that Plaintiff's stated reason for the delay, the impact of COVID-19 pandemic, is not credible. *See ESA Eng'g Corp. v. Mitsubishi Heavy Indus. Am., Inc.*, 7 F. App'x 636, 637 (9th Cir. 2001) (giving deference to district court's finding that the stated reason for delay in filing of Rule 60(b)(1) motion was not credible.) First, the judgment in this case was entered in November 2019, months before the start of the COVID-19 pandemic. (ECF No. 89). Second, Plaintiff was able to litigate the appeal of this case through the pandemic, including objecting to the Ninth Circuit revoking his IFP status under the three-strike provision of § 1915(g) in March of 2020 (referring to the Court's order that he pay the filing fee as "blackmail") and filing his Appellant's Brief in July of 2020. Dkt Nos. 21 & 26, *Goff v. Gamez, et al.*, No. 19-17494 (9th Cir. Apr. 2021). In addition, Plaintiff was able to continue litigating another case in this Court both before and during the pandemic. *Goff v. Walters, et al.*, No. 1:18-cv-00904-DAD-HBK (E.D. Cal. Apr. 26, 2021). In that case, Plaintiff filed multiple motions in December of 2019, as well as other motions in April of 2020, and notices of changes of address in May and June of 2020. Finally, Plaintiff gave the Court different reasons in his first post-judgment motion asking the Court to continue with his case, ECF No. 95 (citing medical problems), and to the Ninth Circuit during his appeal, Dkt. No. 26 at 2,3 *Goff*, No. 19-17494 (citing his health and economic status). Therefore, the third *Pioneer* factor weighs against granting relief.

As to the fourth factor, the Court declines to find that Plaintiff acted in bad faith.

In addition, when considering whether a litigant conduct is excusable, the Ninth Circuit has held that repeated failure to prosecute an action and comply with court-imposed deadlines can constitute inexcusable delay warranting denial of relief under Rule 60(b)(1). *See, e.g.*, *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986); *ESA Engineering Corp.*, 7 F. App'x at 637. In *ESA Engineering*, the Ninth Circuit has held that the district court did not abuse its discretion when it denied Rule 60(b)(1) motion when the litigant failed to comply with the court's pre-trial filing requirements, had failed to designate expert witnesses, and had failed to comply with discovery cut-off deadlines. *Id.* Such failures were not excusable neglect under Fed. R. Civ. P. 60(b)(1), the Ninth Circuit held, but inexcusable delay.

*Id.* Like litigants in *Thompson* and *Engineering*, the Court has given Plaintiff "abundant opportunity" to prosecute his case, 782 F.2d at 832, including granting continuances and extensions, and even previously re-opening the case. The Court gave Plaintiff multiple warnings as to the consequences of his inaction before dismissing the case. As the Court concluded back in 2019, Plaintiff is simply "incapable of prosecuting this matter." (ECF No. 89 at 3).

Thus, the Court finds Plaintiff's conduct in this case shows history of inexcusable delay and neglect and that the factors set forth by *Pioneer* weigh against granting relief under Rule 60(b)(1).

### B. Rule 60(b)(6)

Unlike Rule 60(b)(1), which has to be filed within a year of judgment, a motion under Rule 60(b)(6) must be filed "within a reasonable time." But even under this generous criteria, Plaintiff's motion is untimely. *See, e.g.*, *Burton*, 473 F. App'x at 731 (lapse of almost two years between judgment and filing of 60(b)(6) motion was unreasonable). Plaintiff also failed to establish an extraordinary circumstance warranting relief under Rule 60(b)(6).[2] Moreover, the interests of finality and the conservation of judicial resources do not warrant the sparing use of the extraordinary remedy Plaintiff seeks. *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000).

### C. Reconsideration

As a motion for reconsideration, Plaintiff's motion meets none of the criteria required by precedent and Local Rule 230(j). It presents no newly discovered evidence, it does not suggest that the Court committed a clear error, and there has been no change in the controlling law. Under these circumstances, "[a] motion for reconsideration should not be granted." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

---

[2] It is also worth noting that several other cases before this Court were likewise dismissed for failure to prosecute. *See, e.g.*, *Goff v. Lackner*, 1:15-cv-01073-DAD-BAM (E.D. Cal. May 9, 2016); *Goff v. Salinas*, 2:12-cv-00009-GEB-AC (E.D. Cal. July 26, 2012).

### D. Res Judicata and Law of the Case

Finally, doctrines of res judicata and Law of the Case bar Plaintiff's motion. Res Judicata is a doctrine that prevents repetitive litigation of a claim that has previously been tried and decided. *In re Watson*, 192 B.R. 739, 750 (B.A.P. 9th Cir. 1996), *aff'd*, 116 F.3d 488 (9th Cir. 1997). The Court may apply res judicata to its own prior orders denying motions to reopen the case. *Id.* ("The bankruptcy court was free to apply *res judicata* to its own prior order denying [Appellant's] second motion to reopen the bankruptcy case."); *see also Lyons v. White*, No. 2:96-CV-00784-GEB-GGH, 2017 WL 4511063, at *2 (E.D. Cal. Oct. 10, 2017), *report and recommendation adopted*, No. 2:96-CV-784-GEB-GGH, 2017 WL 5133402 (E.D. Cal. Nov. 6, 2017) (applying res judicata to successive Rule 60(b) motions).

Similarly, a court "is precluded from reexamining an issue previously decided by the same court, or a higher appellate court, in the same case." *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1418 (9th Cir. 1986); *In re Watson*, 192 B.R. at 750 (denial of the previous motion to reopen the case called for the denial of a subsequent motion to reopen based on the same arguments).

Here, Plaintiff already filed one post-judgment motion for relief, asking "that this court allow him to continue this case" and arguing that medical presented "extenuating circumstances beyond his control that [were] the primary reasons for his inability to adequately prosecute this case." (ECF No. 95 at 3). The Court denied his motion. (ECF No. 97). The Plaintiff raised the same arguments on appeal, arguing that the sanction to close the case was excessive and that the district court should have considered his health and economic status as "extenuating circumstances beyond Appellant's control" and granted his motion to reopen. Dkt. No. 26 at 2,3 *Goff*, No. 19-17494. Thus, Plaintiff's latest motion (ECF No. 111) is a successive Rule 60(b) motion that raises the same arguments as before, asking the Court to excuse his neglect of the case and allow him to continue to litigate it. The Court already considered and rejected these arguments back in 2019, and Plaintiff had the opportunity to appeal this denial. Therefore, Plaintiff's motion is barred by the doctrines of res judicata and Law of the Case.

## IV. CONCLUSIONS AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that the Court deny Plaintiff's motion to re-open this case and that this action remains closed, and no further motions will be entertained.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 14, 2023**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE