UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. GOFF,<br><br>             Plaintiff,<br><br>    v.<br><br>GAMEZ, *et al.*,<br><br>             Defendants. | Case No.  1:15-cv-00937-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO REOPEN<br><br>AND<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO REOPEN HIS CASE<br><br>(Docs. 111, 113, 115, 116) |

Plaintiff Thomas Goff brought this suit under 42 U.S.C. § 1983 as a state prisoner proceeding *pro se* and *in forma pauperis*[1] in 2015. The court initially dismissed the case for failure to prosecute in January 2017, then reopened it in December 2017 on plaintiff's motion, then dismissed it again for failure to prosecute in November 2019.  Doc. 89.  Plaintiff appealed to the Ninth Circuit, Case No. 19–17494, which in 2021 held that the Court did not abuse its discretion in dismissing the case.  Doc. 109.  More than four years after the judgment, on December 11, 2023, Plaintiff asked the Court to reopen the case again.  Doc. 111.  He sought "to pick-up his case from where it left off before it was prematurely dismissed due to Plaintiff

---

[1] At least one court has found that Plaintiff is barred from proceeding IFP under the three-strikes provision of 28 U.S.C. § 1915(g). *See* Order Revoking IFP status, Doc. 46, *Groff v. Walters*, et al., No. 1:18-cv-00904-DAD-HBK (E.D. Cal. Oct. 16, 2020).

1

being unable to prosecute [his] case." Doc. 111 at 6.  Plaintiff claimed that his case was closed "during the COVID-19 outbreak," and that he was severely impacted by the pandemic. *Id.* at 1.

On December 15, 2023, the assigned magistrate judge issued findings and recommendations finding that "Plaintiff's conduct in this case shows [a] history of inexcusable delay and neglect," and that he failed to meet the requirements to reopen the case under Rule 60(b)(1) or Rule 60(b)(6).  Doc. 113 at 9.  The magistrate judge also found that plaintiff's motion was barred by the doctrines of res judicata and law of the case.  *Id.* at 10.  Among other findings, the magistrate judge noted that plaintiff's claim that he was unable to litigate this case due to the Covid pandemic was inconsistent with the record, as the case was dismissed prior to the start of the pandemic.  *Id.* at 8.  Moreover, during the pandemic plaintiff litigated his appeal before the Ninth Circuit as well as motions in another case.  *Id.*

The magistrate judge recommended denial of plaintiff's motion (Doc. 11) and instructed plaintiff that he had fourteen days to file objections to the findings and recommendations. Doc. 113 at 11.  Plaintiff filed objections approximately two months later, on February 20, 2024.  Doc. 116.  In his objections, plaintiff again blames the COVID-19 pandemic and states that he was diagnosed with COVID-19 in 2020.  *Id.*  Plaintiff also states that he had problems with housing and with storing and accessing legal documents, and limited law library access during the time following his diagnosis.  *Id.*  On January 2, 2024, plaintiff filed a second motion to reopen (Doc. 115) that essentially repeats his earlier motion to reopen (Doc. 111), with no additional argument or analysis.

Plaintiff's objections to the December 15, 2023, findings and recommendations are untimely, and the court is not required to consider them.  *See, e.g.*, *Correa v. Braudrick*, No. 1:19-CV-00369-ADA-CDB (PC), 2022 WL 14122776, at *3 (E.D. Cal. Oct. 22, 2022) (citing Fed. R. Civ. P. 72(a)).  Nonetheless, the court has reviewed and considered them.  Plaintiff's trouble prosecuting this case had begun long before 2020 and the COVID-19 pandemic.  This case was first dismissed for failure to prosecute on January 11, 2017.  Doc. 12.  After it was reopened, Plaintiff again failed to prosecute, leading the court to issue an order to show cause on October 23, 2019, as to why this case should not be dismissed for failure to prosecute

(Doc. 86), and then to dismiss the case on November 8, 2019 (Doc. 89).  The Ninth Circuit affirmed the dismissal on April 27, 2021.  Doc. 109.  Plaintiff's objections are repetitive, address already decided issues, and do not identify any error in the magistrate judge's findings and recommendations or establish any basis for reopening this case under Rule 60(b)(1) or Rule 60(b)(6).

In accordance with 28 U.S.C. § 636(b)(1), the court conducted a de novo review of this case.  Having carefully reviewed the file, including Plaintiff's objections, the court concludes the findings and recommendations are supported by the record and proper analysis.  The court also finds that the same analysis applies to Plaintiff's second and duplicative motion to reopen, Doc. 115.

Thus**,** the court **ORDERS**:

1. The findings and recommendations issued on December 15, 2023, Doc. 113, are **ADOPTED** in full.
2. Plaintiff's motions to reopen this action, Doc. 111 & 115, are **DENIED**.

IT IS SO ORDERED.

Dated:   June 26, 2024

UNITED STATES DISTRICT JUDGE

3